## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERONICA COLLINS,** ) | |
| **Plaintiff,** ) | **Civil Action No.:** |
| ) | |
| **versus** ) | |
| ) | **Judge** |
| **CIRCLE K STORES INC.,** ) | |
| **CHARLESETTA DAVIS, TERRY** ) | **Magistrate Judge** |
| **BUCKHALTER, KENNY WASHINGTON** ) | |
| **AND XYZ INSURANCE COMPANY** | |
| **Defendants.** | |

### NOTICE OF REMOVAL

Defendants Circle K Stores Inc. (hereinafter "Circle K"), Terry Buckhalter, and Charlesetta Davis (collectively, "Defendants"), fully reserving their right to raise all defenses and objections to which they may be entitled, hereby remove Civil Action No. C617251 from the Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana. Each of the Defendants consent to and join in this removal. In support thereof, Defendants represents as follows:

### Removal Jurisdiction

1.

Removal is proper in any civil action "of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  Defendants base this removal on federal question jurisdiction under 28 U.S.C. § 1331 (giving district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States") and the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

2.

Defendants file this Notice of Removal within 30 days of service of receipt of the initial pleading (Plaintiffs' Petition, *see* Exhibit A). Circle K was served through its registered agent for service of process -- Corporation Service Company -- on December 3, 2012; Charlesetta Davis was served on December 3, 2012; and Terry Buckhalter was served on December 12, 2012. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

3.

Attached as Exhibit B is a certified copy of the complete state court record.

4.

Venue is proper in the United States District Court for the Middle District of Louisiana because the Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana, is located within this District and Division. 28 U.S.C. § 1441(a).

**Statement of Facts**

5.

On or about November 26, 2012, Plaintiff Veronica Collins filed a Petition in the Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana. A copy of the Petition is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a). The suit bears Civil Action No. C617251 and it is captioned:

VERONICA COLLINS

VERSUS

CIRCLE K STORES, INC., CHARLESETTA DAVIS, TERRY BUCKHALTER,
KENNY WASHINGTON AND XYZ INSURANCE COMPANY

Neither Kenny Washington nor XYZ Insurance Company has yet been served with the Petition.

6.

As the Petition discloses, Plaintiff putatively asserts claims pursuant to 42 U.S.C. § 1983, Title IV of the Civil Rights Act of 1964, the "Louisiana Fair Employment Practices Act", and the Equal Protection clause of the "United States and Louisiana Constitutions".   Pet'n at ¶3. Plaintiff alleges quid pro quo sexual harassment, hostile work environment, sex discrimination, and retaliation. *Id.*

7.

Plaintiff alleges that she was employed by Circle K as a lead cashier.   During the course of her employment at a Baton Rouge store, in March 2011, Plaintiff claims that a co-employee followed Plaintiff into the office and grabbed her buttocks several times after being told by Plaintiff to stop.   Pet'n at ¶5.

8.

Plaintiff alleges that she reported the incident to Charlesetta Davis, who allegedly told Plaintiff that the co-employee would not be sent back to the store.   Pet'n at ¶6.   The co-employee putatively returned to the store a year later (April 2012), at which time Plaintiff allegedly was told by the store manager that the co-employee would not be sent back to the store again.   Pet'n at ¶8.   Approximately one month later, Plaintiff alleges that the co-employee did return to the store.   Pet'n at ¶9.

9.

Plaintiff thereupon claims that she reported "the incident" to the EEOC.   Plaintiff asserts that she was retaliated against by having her work hours decreased and that Counseling Notices were issued to Plaintiff for "reasons that were previously never issues with management."   Pet'n at ¶10.

## Federal Question Jurisdiction

10.

The Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b) as Plaintiff's Petition *expressly invokes a federal question on its face* arising under 42 U.S.C. § 1983, Title IV of the Civil Rights Act of 1964, and the Equal Protection clause of the United States Constitution. *See* Pet'n at ¶3; *Beiser v. Weyler*, 284 F.3d 665, 670-671 (5th Cir. 2002) (noting the jurisdictional inquiry is distinct from whether the case has merit). Indeed, to the extent Plaintiff claims relief under any federal employment statute (such as those within the EEOC's purview), she has stated on the face of her Petition a claim "arising under the Constitution, laws, or treaties of the United States." Pet'n at ¶10. Accordingly, because the Petition alleges claims arising under federal law, this Court has original jurisdiction and this matter is properly removable. 28 U.S.C. §1331.

11.

In addition, the Court may exercise supplemental jurisdiction over any putative state-law claims because the state and federal claims derive from a common nucleus of operative fact and are such that the parties would ordinarily be expected to try them all in one judicial proceeding. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Plaintiffs' putative state-law claims arise from the "same case or controversy" as the claims over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1367(a). Plaintiffs'

federal claims are so intertwined with her state claims in this case that Plaintiff makes absolutely no attempt to distinguish whether any allegation is specifically state- or federal-related.

12.

Accordingly, because the Petition alleges claims arising under federal law, this Court has original jurisdiction and this matter is properly removable. 28 U.S.C. §1331; *id.*, at 1367; *id.*, at 1441(a).

## Notice to Other Parties and the State Court

13.

Along with the filing of this Notice of Removal, Defendants have at the same time given written notice to Plaintiff by furnishing copies of this Notice of Removal, and will file forthwith notice of this removal in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

## Fed. R. Civ. P. 11 Certification

14.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal; that, to the best of her knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or good-faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needlessly increase the cost of litigation.

## Conclusion

Defendants have properly established that federal question jurisdiction exists based on the claims set forth in Plaintiff's Petition.  This case is, therefore, removable, and the Court should exercise subject matter jurisdiction over this case.

Respectfully submitted,

_____/s/ Paul S. Balanon_____

Elvige Cassard, La. Bar No. 19386
Paul S. Balanon, La. Bar No. 29076
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisiana  70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
*Attorneys for Circle K, Charlesetta Davis,*
*and Terry Buckhalter*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on all counsel of record via the Court's electronic ECF filing system, and via facsimile and U.S. Mail, addressed as follows:

Jacie N. Sauders, Esq.
Greg A. Rozas, Esq.
758 Royal Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 343-0010
Facsimile:  (225) 343-5018
Counsel for Plaintiff

This 28th day of December, 2013.

_____/s/ Paul S. Balanon_____
Paul S. Balanon

- 6 -